IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 10, 2014 Session

## STATE OF TENNESSEE v. JOHN T. FREELAND, JR.

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Madison County**
**No. 10-409      Roy B. Morgan, Jr., Judge**

---

**No. W2011-01828-SC-DDT-DD - Filed September 17, 2014**

---

WILLIAM C. KOCH, JR. and SHARON G. LEE, JJ., concurring.

We concur fully with all of the Court's opinion except for Section II(B)(iv) containing the proportionality analysis. After conducting our own independent proportionality analysis, we concur with the majority's conclusion that Mr. Freeland's sentence of death is not disproportionate to the sentences imposed on other similar offenders who have committed similar crimes.

In 1997, the Court narrowed the scope of the proportionality review required by Tenn. Code Ann. § 39-13-206(c)(1)(D) (2010) by limiting its consideration to only those cases in which the death penalty had been sought. *State v. Bland*, 958 S.W.2d 651, 666 (Tenn. 1997). The Court recently reaffirmed this truncated proportionality approach in *State v. Pruitt*, 415 S.W.3d 180, 217 (Tenn. 2013). We dissented from the Court's decision to continue following the *State v. Bland* approach because it narrows the proportionality analysis required by Tenn. Code Ann. § 39-13-206(c)(1)(D). *State v. Pruitt*, 415 S.W.3d at 230 (Koch and Lee, JJ., concurring and dissenting). In place of the *State v. Bland* analysis, we determined that the Court should return to its pre-*Bland* proportionality analysis that considered "all first degree murder cases in which life imprisonment or a sentence of death has been imposed"[1] and that focused on whether the case under review more closely resembled cases that have resulted in the imposition of the death penalty than those that have not. *State v. Pruitt*, 415 S.W.3d at 230-31 (Koch and Lee, JJ., concurring and dissenting).

---

[1] *State v. Barber*, 753 S.W.2d 659, 666 (Tenn. 1988).

We have undertaken the broader analysis that we deem to be more consistent with Tenn. Code Ann. § 39-13-206(c)(1)(D). Based on our review of all similar first-degree murder cases, including those in which the death penalty was not sought, we have concluded that Mr. Freeland's personal background and the nature of the crime he committed closely resemble the personal backgrounds and the crimes committed by other persons who have received a death sentence. Accordingly, based on the facts in this record, we have concluded, as required by Tenn. Code Ann. § 39-13-206(c)(1)(D), that Mr. Freeland's sentence of death is "[neither] excessive [n]or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant."

_____
WILLIAM C. KOCH JR., JUSTICE


_____
SHARON G. LEE, JUSTICE